Judith A. KNOWLES, Appellant–
Plaintiff,

v.

Mark E. MURRAY, Appellee–Defendant.

No. 09A04–9709–CV–405.

Court of Appeals of Indiana.

May 6, 1999.

David W. Stone IV, Stone Legal Office & Legal Research, Anderson, Indiana, Kelly Leeman, Logansport, Indiana, Attorneys for Appellant.

James R. Fleming, Simmons & Fleming, Kokomo, Indiana, Attorney for Appellee.

## OPINION

FRIEDLANDER, Judge

Judith A. Knowles appeals an award of what she claims are inadequate damages following the trial in her negligence action against Mark E. Murray. Knowles presents

two issues for review, one of which is dispositive of the appeal. We restate that issue as follows:

Did the trial court commit reversible error in allowing evidence that Knowles would receive social security benefits in the future?

We reverse.

The facts are that Knowles was driving a car on September 21, 1993, when she was struck from behind by a car being driven by Murray. As a result of the collision, Knowles sustained injuries to her neck, right shoulder, and right arm. Knowles was treated by several doctors until February 1996, when her primary physician concluded that her condition was quiescent and her injury permanent, and he told her that he could think of no further treatment that would be of benefit to her. Shortly after the accident, and during the period of her treatment, Knowles lost her job. Knowles's primary physician stated that it was his opinion that there was a causal relationship between the accident and Knowles's inability to continue working at her former job. Alleging negligence, Knowles sued Murray and received a damage award in the amount of $10,000 after a jury trial.

Knowles contends that the trial court erred in admitting evidence that she would receive social security disability benefits in the future.

■ We note as an initial matter that Murray claims that Knowles waived any objection to the reception of evidence concerning social security benefits because she did not offer an objection to the question that elicited the response, but instead waited until the witness responded. Murray also contends that Knowles's objection addressed only evidence pertaining to benefits received before trial and did not object to later evidence concerning possible future benefits. In the sidebar that followed the objection, Murray's counsel explained the purpose of the question to which Knowles's attorney objected. After listening to Murray's attorney's explanation, the court informed Knowles's attorney, "your objection is enough." *Record* at 754. From context, it is

clear that the trial court was informing Knowles's counsel that the objection was sufficient to preserve for appeal the admissibility of evidence concerning social security benefits. We agree and also conclude that the comment was broad enough to include within its parameters future social security benefits.

■ Turning now to the substance of this issue, Knowles contends that the trial court committed reversible error in admitting evidence that she would receive social security disability payments in the future. Rulings concerning the admissibility of evidence are left to the trial court's sound discretion and will not be disturbed absent a showing of abuse of discretion. *Town of Highland v. Zerkel,* 659 N.E.2d 1113 (Ind.Ct.App.1995), *trans. denied.*

■ Historically, Indiana recognized the common law "collateral source rule," which prohibited defendants from introducing evidence concerning compensation received by the plaintiff from sources other than the defendant. *See Shirley v. Russell,* 663 N.E.2d 532 (Ind.1996). In 1986, however, our legislature abrogated that rule by enacting Ind.Code Ann. § 34-4-36-1, which provided that evidence of collateral source payments may not be prohibited except for certain specified exceptions. That statute, which has since been recodified and may now be found at Ind.Code Ann. § 34-44-1-2 (West 1998), states:

In a personal injury or wrongful death action, the court shall allow the admission into evidence of:

(1) proof of collateral source payments other than:

(A) payments of life insurance or other death benefits;

(B) insurance benefits for which the plaintiff or members of the plaintiff's family have paid for directly; or

(C) payments made by:

(i) the state or the United States; or

(ii) any agency, instrumentality, or subdivision of the state or the United States;

that have been made before trial to a plaintiff as compensation for the loss

or injury for which the action is brought[.]

In *Town of Highland v. Zerkel,* 659 N.E.2d 1113, this court considered the current statute's predecessor, IC § 34-4-36-2, and concluded that the trial court in that case did not err in excluding evidence of the plaintiff's receipt of social security disability benefits. That conclusion was recently reaffirmed in *Hagerman Const., Inc. v. Copeland,* 697 N.E.2d 948 (Ind.Ct.App.1998), *amended on reh'g on other grounds,* where we stated "any Social Security payments are clearly excluded by statute." *Id.* at 958. Although IC § 34-44-1-2(1)(C) states only that payments made "before trial" are to be excluded, we discern no principled reason to regard payments received in the future any differently from those that were received before trial. In our view, the three categories of collateral sources that are excluded by IC § 34-44-1-2(1)(A),(B), and (C) share the characteristic that the collateral source benefit has been, in a sense, paid for by the plaintiff or the plaintiff's family, either through premiums or taxes. Viewed in this way, there is no relevant distinction between social security benefits received before trial and those to be received in the future. In either case, the plaintiff has paid for the benefit through payment of taxes. Accordingly, the trial court erred in allowing Murray to present evidence that Knowles would receive social security disability payments in the future.

Murray contends that, even assuming that the admission of evidence of social security disability benefits was error, the error was harmless and does not warrant reversal. Knowles directs our attention to an analogous Indiana case in support of her argument that the error was prejudicial and requires reversal. We agree with Knowles that *Brindle v. Harter,* 138 Ind.App. 692, 211 N.E.2d 513 (1965) constitutes persuasive authority for the proposition that the error prejudiced Knowles, and we reproduce the relevant discussion in *Brindle* in its entirety:

[I]t appears that as a general rule of law in this state evidence erroneously admitted upon cross-examination, to constitute reversible error, must have been of the character which could not have been proven by the examiner in direct examination, it must be of a type which could affect the attitude of the jury or prejudice the complaining party; and there must appear the possibility that in view of all evidence presented the erroneously admitted evidence could have affected the final verdict.

It now remains only to decide if the facts of the instant case fall within the above stated proposition. It is an accepted rule that evidence of benefits received by, or financial standing of, plaintiff cannot be introduced by the defendant in mitigation of damages. In order to determine if the questioned testimony would be considered prejudicial or be of the type calculated to affect the jury, we must draw analogies from the language of cases in which evidence of the defendant's liability insurance was introduced. It was held in *J.C. Penney, Inc. v. Kellermeyer* (1939), 107 Ind. App. 253, 265, 19 N.E.2d 882, 886, 22 N.E.2d 899:

"Whether or not such insurance was carried by the appellant could not in the slightest manner affect the question of the appellant's negligence charged in the complaint. Persistent efforts in this field of evidence which tend only to confuse and possibly prejudice the jury are *usually regarded as prejudicial requiring a reversal.*" (Emphasis added[.] )

*Id.* at 517–18 (emphasis in original) (some citations omitted).

In the instant case, considering the totality of the evidence presented at trial, the evidence showing that Knowles would in the future receive social security benefits was of a type that could have affected the jury's assessment of what would constitute an appropriate damages award. Having found the requisite prejudice, we must reverse the award of damages and remand for a new trial solely on the issue of damages.

Judgment reversed and remanded.

KIRSCH and MATTINGLY, JJ., concur.