**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**JOSEPH C. LEHMAN, ESQ.**
Goshen, Indiana

ATTORNEY FOR APPELLEE:

**IAN M. SEPTOSKI**
Krisor & Associates
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSEPH C. LEHMAN, | ) | |
| | ) | |
| Appellant-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1312-CC-487 |
| | ) | |
| FIRSTSOURCE ADVANTAGE, LLC, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT 5
The Honorable Charles C. Wicks, Judge
Cause No. 20D05-1209-CC-1348

**January 6, 2015**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Joseph Lehman ("Lehman"), *pro se*, appeals the trial court's judgment in favor of Firstsource Advantage, LLC ("Firstsource") on Firstsource's breach of contract claim against Lehman for failing to pay his medical bills. Lehman argues that the billed hospital charges and medical expenses are unreasonable, arbitrary, and capricious. We affirm.

**Facts and Procedural History**

On November 3, 2011, Lehman was admitted to IU Goshen Health Hospital ("the Hospital") for treatment of deep vein thrombosis in his left thigh. Lehman signed a consent for medical treatment, which contained a provision whereby he agreed that "all hospital accounts are the full responsibility of the patient." Appellant's App. p. 6. Lehman did not have health insurance, and he was billed $7452.06 for his two-day stay at the Hospital. Lehman actually incurred charges totaling $9173.27, but he was given an uninsured discount of twenty percent.

Lehman failed to pay the Hospital's bill. Firstsource, which holds an assignment from the Hospital of Lehman's account, filed a complaint against Lehman requesting $7452.06 for breach of contract damages. A bench trial was held on June 14, 2013. At trial, Firstsource agreed to remove two minor charges for Kleenex and slippers from Lehman's account.

The trial court concluded that Firstsource "proved its case by prima facie evidence as to the charges incurred." Appellee's App. p. 11. However, Firstsource's witnesses "were incapable of explaining how charges were determined," and the trial court found that "whether the proper discount has been applied to the charges is still an open

2

question." Id. Therefore, the court granted Lehman's motion to present additional evidence concerning the issue of discounts.

The bench trial was continued to October 25, 2013. The Hospital's Chief Financial Officer testified that the largest discount given to an insurance company in 2011 was twenty percent, and Lehman received the same discount. She stated that uninsured individuals were given an additional ten percent discount if the Hospital's bill was paid within thirty days. She also explained that "[d]iscounts did not apply to cases involving Medicare or Medicaid recipients as the Federal Government dictated to the hospital the amount of the award which they would receive." Appellant's App. p. 11.

From this evidence, the trial court concluded that "the hospital's discount policy is in accord with a written policy and applicable to insurance companies as well as the Amish community as well as to self-pay individuals. Many insurance companies negotiated different rates, but none of the rates exceeded the twenty percent discount awarded to the defendant in this case." Id. at 12. Therefore, the court determined that the "hospital's discount policy was not arbitrary or capricious as claimed by defendant but appears to be consistent with regard to all entities not involving federally insured plans." Id. The trial court then entered judgment in favor of Firstsource in the amount of $7311.62 plus costs of the action. Lehman now appeals.

**Discussion and Decision**

First, we observe that Lehman, who is an attorney, failed to provide transcripts and exhibits from his bench trial. "It is a cardinal rule of appellate review that the appellant bears the burden of showing reversible error by the record, as all presumptions are in

3

favor the trial court's judgment." Marion-Adams School Corp. v. Boone, 840 N.E.2d 462, 468 (Ind. Ct. App. 2006). Because Lehman failed to submit relevant portions of the transcript and exhibits, any arguments that depend on the omitted evidence are waived. See Fields v. Conforti, 868 N.E.2d 507, 511 (Ind. Ct. App. 2007); see also In re Walker, 665 N.E.2d 586, 588 (Ind. 1996) (stating "[a]lthough not fatal to an appeal, failure to include a transcript works a waiver of any specifications of error which depend upon the evidence") (citation omitted).

We turn now to Lehman's argument. Lehman argues that Firstsource, representing the Hospital, bore the burden of establishing that its charges were reasonable.[1] Lehman claims that the "billing manager stated that the finance department determined the charge which was placed in the hospital's chargemaster,[2] which were [sic] not subject to revision. It strains credulity to believe that a regular event such as the charge for a hospital bed, or emergency room fee, would not be subject to regular revision." Appellant's Br. at 3. Lehman argues that he assumed that the charges would be reasonable, but the chargemaster rates were arbitrary and capricious.

---

[1] Without citation to any authority, Lehman also argues that he is a member of a protected class, i.e. resident of the City of Goshen, and the Hospital discriminates by substantially discounting rates for persons insured by Medicare or other private insurance companies. Lehman's argument consists of one sentence: "It is very discriminatory for our local, supposedly community hospital to give them better rates than were given to me." Appellant's Br. at 3. Lehman's failure to present cogent argument supported by citation to relevant authority results in waiver of his claim for appellate review. See Ind. Appellate Rule 46(A)(8)(a); Wenzel v. Hopper & Galliher, P.C., 830 N.E.2d 996, 1004 (Ind. Ct. App. 2005).

[2] "[A] hospital's chargemaster rates serve as the basis for its pricing. Each hospital sets its own chargemaster rates, thus each hospital's chargemaster is unique. It is from these chargemaster prices that insurance companies negotiate with hospitals for discounts for their policyholders. And other reimbursement schemes are based in part on hospital chargemaster rates." See Allen v. Clarian Health Partners, Inc., 980 N.E.2d 306, 310 (Ind. 2012) (citation omitted).

4

Lehman's complaint concerning the billing manger's statements is waived because Lehman failed to include the transcript and exhibits from his bench trial in his record on appeal. See e.g. Fields, 868 N.E.2d at 511. Therefore, we limit our discussion to whether the medical charges were required to be reasonable as a matter of law.

In Allen v. Clarian Health Partners, Inc., 980 N.E.2d 306 (Ind. 2012), our supreme court considered whether a "reasonable price" for medical services is imputed to a contract between the patient and the healthcare provider where the contract lacks the material term of price. In that case, a group of uninsured patients argued that the rates the hospital billed were unreasonable, and therefore, unenforceable.

Our supreme court disagreed with the patients' claim after observing that "[a] contract need not declare a specific a dollar amount for goods or services in order to be enforceable." Id. at 310.

> In the context of contracts providing for health care services precision concerning price is close to impossible. As the Third Circuit has recognized, omitting a specific dollar figure is "the only practical way in which the obligations of the patient to pay can be set forth, given the fact that nobody yet knows just what condition the patient has, and what treatments will be necessary to remedy what ails him or her. . . ."
>
> In the context of a contract for the provision of and payment for medical services, a hospital's chargemaster rates serve as the basis for its pricing. Each hospital sets its own chargemaster rates, thus each hospital's chargemaster is unique. It is from these chargemaster prices that insurance companies negotiate with hospitals for discounts for their policyholders. And other reimbursement schemes are based in part on hospital chargemaster rates. Even the 2010 Federal Patient Protection and Affordable Care Act recognized the centrality of chargemasters to hospital billing practices.

Id. (internal citations omitted).

5

Our supreme court acknowledged that a promise to pay an "account" for treatment is imprecise, but it is "not sufficiently indefinite to justify imposition of a 'reasonable' price standard." Id. Ultimately, the court concluded, "We align ourselves with those courts that have recognized the uniqueness of the market for health care services delivered by hospitals, and hold that Patients' agreement to pay 'the account' in the context of Clarian's contract to provide medical services is not indefinite and refers to Clarian's chargemaster. As a result, we cannot impute a 'reasonable' price term into this contract."[3] Id. at 311 (citation omitted).

In this case, Lehman signed a consent for medical treatment and agreed that "all hospital accounts are the full responsibility of the patient." Appellant's App. p. 6. The trial court found that Firstource "established a *prima facie* case with regard to hospital charges totaling $9,173.27." Id. at 10. Lehman failed to provide an adequate record on appeal, but within that record, it appears from both his argument and the trial court's judgment that the Hospital billed its chargemaster rates for medical services and supplies. See e.g. Appellant's App. p. 7; Appellant's Br. at 3. Lehman received a twenty percent discount on his account, which discount was given to all uninsured individuals. It was also the largest discount the Hospital gave in 2011 on patient accounts.

---

[3] The court also rejected the patients' reliance on Stanley v. Walker, 906 N.E.2d 852 (Ind. 2009), as that case involved an evidentiary issue in a personal injury case, i.e. whether admission of evidence of medical expenses discounted from the chargemaster rate would violate the collateral source rule. The Stanley court concluded that admission of the discounted billing was properly admitted to determine the reasonable value of medical expenses in a claim for personal injury damages. Id. at 853. We similarly reject Lehman's reliance on Stanley in support of his argument in this appeal.

As in <u>Allen</u>, we will not impute a "reasonable" price term into Lehman's contract with the Hospital. 980 N.E.2d at 311. However, even if we agreed that the charges for medical services could be reviewed under a standard of reasonableness, Lehman has waived any evidentiary issues concerning the charges because he failed to include the transcript and exhibits in the record. <u>See</u> <u>Fields</u>, 868 N.E.2d at 511. For all of these reasons, we affirm the trial court's judgment in favor of Firstsource.

Affirmed.

NAJAM, J., and BRADFORD, J. concur.