**WASHINGTON COUNTY MEMORIAL HOSPITAL, Appellant–Plaintiff,**

v.

**Lanny HATTABAUGH and Brenda Hattabaugh, Appellees– Defendants.**

**No. 88A05–9901–CV–34.**

Court of Appeals of Indiana.

Oct. 19, 1999.

Andrew Wright, Salem, Indiana, IN, Attorney for Appellant.

Lanny and Brenda Hattabaugh, Salem, Indiana, Appellees Pro Se.

## OPINION

ROBB, Judge

### Case Summary

Washington County Memorial Hospital ("Washington Hospital") appeals from a judgment in its favor for $7,412.95 on its complaint for unpaid medical bills against Lanny Hattabaugh. We reverse the judgment amount and remand for recalculation.

### Issues

Washington Hospital raises three issues for our review, which we consolidate and restate as two:

1. Whether the trial court erred in failing to award Washington Hospital the full amount of its bill for services rendered to Lanny; and

2. Whether the trial court erred in failing to award Washington Hospital pre-judgment interest.

### Facts and Procedural History

On April 11, 1997, Lanny suffered a broken wrist and was transported by ambulance to Washington Hospital for treatment. Dr. Aziz, a Washington Hospital employee, performed surgery on Lanny's wrist. The bills for all services rendered by Washington Hospital totaled $11,545.13. Although Lanny admitted receiving the bills, neither he nor his wife, Brenda, ever made a payment toward his balance due.

Washington Hospital filed a complaint against the Hattabaughs seeking judgment in the amount of the bill, pre-judgment interest, and court costs. At the bench trial, Lanny testified that he did not believe he should have to pay the bill because his wrist was not properly fixed and he had lost some use of it. Brenda stated she believed they had been double billed on some lab tests. The Hattabaughs were not represented by counsel at trial and never filed a malpractice claim against Washington Hospital or Dr. Aziz. Additional facts will be provided as necessary.

### Discussion and Decision

**I. Prima Facie Error Standard— Failure to File a Brief**

At the outset, we note that the Hattabaughs have failed to file an appellee's brief. When an appellee fails to submit a brief, an appellant may prevail by making a prima facie case of error. *Rzeszutek v. Beck*, 649 N.E.2d 673, 676 (Ind.Ct. App.1995), *trans. denied*. The prima facie error rule protects this court and relieves it from the burden of controverting arguments advanced for reversal, a duty which properly remains with counsel for the appellee. *Id.*

**II. Sufficiency of the Evidence**

In response to Washington Hospital's claim for amounts due for its treatment of Lanny's injury, the Hattabaughs claimed that Lanny had lost some use of his wrist, that Dr. Aziz had failed to "fix" his wrist, that he could no longer do some of the things that he used to be able to, that the doctor "screwed up" his arm, and that they had possibly been over billed on some lab tests. Thus, the Hattabaughs claimed that they should not have to pay the bill. Washington Hospital asserts that this is an improper attempt to plead a counterclaim of malpractice and that because no medical malpractice claim had been brought against the hospital or surgeon,[1] the trial

---

1. The Hattabaughs testified that they had not

filed a tort claim and that they did not intend

court did not have the discretion to hear or determine the issue of malpractice. Further, Washington Hospital argues that the evidence offered by the Hattabaughs with respect to medical malpractice does not constitute substantial evidence of probative value to prove a claim of malpractice and result in a set-off of the judgment amount. Washington Hospital also contends that the amount of the statement is prima facie proof of the amount owed on the account and that the testimony offered by the Hattabaughs is not substantial evidence to prove that the statement amount was incorrect.

### A. *Standard of Review*

■ On review of a judgment, our standard of review is well settled. When the trial court does not enter specific findings of fact, we presume that the judgment is supported by evidence. *Greensburg Local No. 761 v. Robbins,* 549 N.E.2d 79, 80 (Ind.Ct.App.1990), *trans. denied.* The trial court's judgment will be affirmed if it can be sustained on any legal theory supported by evidence. *Baker v. Compton,* 455 N.E.2d 382, 385 (Ind.Ct.App.1983). Thus, in considering the sufficiency of the evidence, we will neither reweigh the evidence nor judge the credibility of the witnesses. *McClure Oil Corp. v. Murray Equipment, Inc.,* 515 N.E.2d 546, 551 (Ind. Ct.App.1988). We will only examine the evidence most favorable to the judgment and all reasonable inferences that can be drawn therefrom. *Id.* If the trial court's decision is supported by substantial evidence of probative value, we will affirm. *Id.*

### B. *Alleged Malpractice Claim*

■ Washington Hospital asserts that the trial court improperly considered a malpractice claim by the Hattabaughs which resulted in the trial court's decision to set-off the judgment amount awarded to the hospital. We note that this is not a valid argument. Regardless of whether or not the Hattabaughs filed a malpractice claim, they are entitled to testify to the fact that the amount charged to them was improper or unreasonable. A claim for malpractice is not necessary for a defendant to testify that he was double billed or that the reasonable value of the services he received were less than that billed.[2]

Further, there is no way for Washington Hospital to be certain that the trial court based its judgment on the alleged malpractice claim. The judgment merely states the following, making no mention of malpractice: "the Defendants having testified that the medical services were provided as claimed by the Plaintiff but stating that the physical condition of Lanny K. Hattabaugh after the provision of said services entitled them to a set-off against the Plaintiff's claim...." R. 23. Thus, Washington Hospital is merely assuming that the trial court formulated its decision based on malpractice.

We do recognize the distinction that, had the Hattabaughs requested an affirmative judgment, and had that been granted, it would have been necessary for them to properly file a medical malpractice claim. However, that is not the case here. No request for a judgment to compensate Lanny for loss of use of his wrist was made, and the Hattabaughs were not awarded a judgment amount in their favor.

We hold that there was no need for the Hattabaughs to file a claim in order to challenge the amount of their account with the hospital. Failure to file a claim, malpractice or otherwise, does not bar a defendant from challenging the reasonable-

---

to do so. R. 65. However, Lanny did later testify that if he needed to file a lawsuit, he would. R. 75.

**2.** Consider, for example, that a male patient went to the hospital with a broken arm and received a bill for a blood test to determine pregnancy. Certainly, he would not have to file a malpractice claim, or a claim based on any theory, to argue that the charges for a pregnancy test were not proper.

ness of the charges or the value of the services rendered, as we discuss below.[3]

### C. *Evidence Presented on Value of Services*

■ Although the Hattabaughs were under no obligation to file a claim under any theory in order to challenge the value of the services rendered in an attempt to rebut the prima facie proof that the amount of the bill was the reasonable, correct amount due, the Hattabaughs failed to provide sufficient evidence to prove that the charges were not reasonable.

■ "Statements of charges for medical, hospital, or other health care expenses for diagnosis or treatment . . . shall constitute prima facie evidence that the charges are reasonable." Ind. Evidence Rule 413. Although the amount of a statement is not conclusive, it is prima facie proof of the amount owed on the account. *Auffenberg v. Board of Trustees of Columbus Regional Hospital*, 646 N.E.2d 328, 331 (Ind.Ct. App.1995). Once a prima facie case is established on an account, the burden of proof shifts to the account debtor to prove that the claimed amount is incorrect. *Id.*

Here, nothing in the record reveals that the prima facie proof was rebutted. The Hattabaughs only testified that they were dissatisfied with the services and that they believed they had been double billed on some lab tests. Their testimony is not sufficient to overcome their burden of proof to rebut and prove that the amount charged was incorrect.

### D. *Amount of Judgment*

The Hattabaughs failed to rebut the prima facie proof of the amount they owed Washington Hospital because they did not successfully prove that the charges were incorrect or unreasonable. Therefore, to the extent that judgment was entered in an amount less than what Washington Hospital's billing statements showed to be due, the trial court erred and we are remanding for recalculation of the judgment amount.

### III. *Prejudgment Interest*

■ Washington Hospital also contends that the trial court erred in failing to award prejudgment interest. The threshold decision of whether the facts satisfy the test for prejudgment interest is for the trial court to determine. *Harlan Sprague Dawley, Inc. v. S.E. Lab Group, Inc.*, 644 N.E.2d 615, 617 (Ind.Ct.App.1995), *trans. denied*. The test for the award of prejudgment interest was established by our supreme court:

> The true test to be applied as to whether interest should be allowed before judgment in a given case or not is . . . whether the injury and consequent damages are complete and must be ascertained as of a particular time and in accordance with fixed rules of evidence and known standards of value, which the court of jury must follow in fixing the amount, rather than be guided by their best judgment in assessing the amount to be allowed for past as well as for future injury or for elements that cannot be measured by any fixed standards of value.

*Id., citing N.Y., Chicago & St.L.Ry. Co. v. Roper*, 176 Ind. 497, 96 N.E. 468 (1911).

Further, Indiana code section 24–4.6–1–103(b) states that "interest at the rate of eight percent (8%) per annum shall be allowed: . . . from the date an itemized bill shall have been rendered and payment demanded on an account stated, account closed or for money had and received for the use of another and retained without his consent."

■ Thus, "[w]here the plaintiff's loss is complete and ascertainable at a particular time through fixed rules of evidence and accepted standards of valuation, the plaintiff's damages can be computed with

---

3. Since we hold that the Hattabaughs did not have to file a claim in order to rebut the amount of the charges, we do not discuss whether there was sufficient evidence to sustain a medical malpractice claim assuming arguendo that one was present.

934

reasonable precision and prejudgment interest must be awarded thereon to fully compensate the plaintiff." *Harlan Sprague Dawley, Inc.*, 644 N.E.2d at 619.

Here, Washington Hospital's loss was complete and ascertainable and the amount of damages to be awarded to the hospital can be computed with reasonable precision. Accordingly, because the trial court failed to address prejudgment interest in its judgment we remand to the trial court to calculate and award prejudgment interest to Washington Hospital.

### Conclusion

We hold that although the Hattabaughs could put forth evidence to rebut that the total amount charged to them was the amount they were obligated to pay without filing a claim, they were unsuccessful in their attempt. Thus, the full amount of the charges is to be awarded to Washington Hospital. Prejudgment interest is also to be calculated and added to the judgment amount. Accordingly, we remand to the trial court to recalculate the judgment amount to include the full amount of damages Washington Hospital requested and prejudgment interest. The judgment amount is reversed, and we remand for recalculation consistent with this opinion.

Reversed and remanded.

FRIEDLANDER, J., and RILEY, J., concur.