ATTORNEYS FOR APPELLANT
Doris L. Sweetin
Jeb A. Crandall
Brandon G. Milster
Indianapolis, Indiana

Bryan H. Babb
Kellie M. Barr
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Anthony W. Overholt
Maggie L. Smith
Indianapolis, Indiana

Apryle A. Fryer
Indianapolis, Indiana

ATTORNEY FOR AMICI CURIAE
Mark D. Gerth
Indianapolis, Indiana

**FILED**

Feb 24 2010, 1:49 pm

**CLERK**
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

### No. 93S02-1002-EX-115

WASHINGTON TOWNSHIP FIRE DEPARTMENT,

*Appellant (Defendant below)*,

v.

BELTWAY SURGERY CENTER,

*Appellee (Plaintiff below)*.

Appeal from the Indiana Worker's Compensation Board, No. P-175616

On Transfer from the Indiana Court of Appeals, No. 93A02-0811-EX-1006

February 24, 2010

**Per Curiam.**

The Court of Appeals held the employer, not the medical provider, has the burden of proving whether the charges for medical services provided to an employee exceed the employer's liability to pay under the Worker's Compensation Act (the "Act"). <u>See</u> <u>Washington Twp. Fire</u>

<u>Dep't v. Beltway Surgery Ctr.</u>, 911 N.E.2d 590 (Ind. Ct. App. 2009), <u>reh'g denied</u>. We agree and adopt the opinion of the Court of Appeals.[1]

Beltway Surgery Center ("Beltway") provided medical services to an employee of the Washington Township Fire Department ("Washington Township") and then submitted a bill to Washington Township's worker's compensation insurance carrier, Indiana Public Employers Plan ("IPEP"). IPEP hired a "billing review service," Mednet, to determine whether the charges billed fell within Washington Township's "pecuniary liability" under the Act. <u>See</u> Ind. Code § 22-3-6-1(f). "Pecuniary liability" is an amount "equal to or less than the charges made by medical service providers at the eightieth percentile in the same community for like services or products." <u>Id.</u> § 22-3-6-1(j). On Mednet's recommendation, IPEP paid only part of Beltway's bill.

Beltway filed an application for adjustment of claim with the Worker's Compensation Board (the "Board"). The single hearing member ordered Washington Township to pay the balance on Beltway's bill.

The full Board affirmed, concluding Washington Township had the burden of proving its pecuniary liability to Beltway was less than Beltway's billed charges. Because the Board found Washington Township failed to produce any such evidence, it ordered the Township to pay the full balance of Beltway's bill.

The Court of Appeals affirmed and held that where the employer refuses to pay in full a medical provider's billed charges, and the medical provider files a claim with the Board and establishes its charges for services to an employee, the employer has the burden of proving the

---

[1] The Court of Appeals reached the same result in five unpublished decisions pending before this Court. Because we grant transfer in this case to express our agreement with the Court of Appeals, we find it unnecessary to grant transfer in the other decisions. Simultaneous with this opinion, we are denying transfer in <u>Onward Fire Dep't v. Clarian Health Partners</u>, No. 93A02-0811-EX-1007 (Ind. Ct. App. June 24, 2009); <u>Adecco, Inc. v. Clarian Health Partners</u>, No. 93A02-0811-EX-1008 (Ind. Ct. App. June 25, 2009); <u>Morgan County Comm'rs v. Clarian Health Partners</u>, No. 93A02-0811-EX-1009 (Ind. Ct. App. June 25, 2009); <u>City of Michigan City v. Mem'l Hosp.</u>, No. 93A02-0811-EX-1010 (Ind. Ct. App. June 24, 2009); and <u>Wayne Twp. Fire Dep't v. Beltway Surgery Ctr.</u>, No. 93A02-0811-EX-1011 (Ind. Ct. App. June 25, 2009).

charges exceed the employer's liability under the Act.  Washington Twp. Fire Dep't, 911 N.E.2d at 599.  In addition, the Court of Appeals held the Board may require an employer that fails to meet this burden to pay the medical provider's full bill.  Id. at 600.  We agree.

We grant transfer, adopt and incorporate by reference the opinion of the Court of Appeals pursuant to Indiana Appellate Rule 58(A)(1), and affirm the Board.


Shepard, C.J., and Dickson, Sullivan, Boehm, and Rucker, JJ., concur.