**Marianne JACKSON, Appellant–
Defendant,**

v.

**Thomas TRANCIK, M.D.,
Appellee–Plaintiff.**

**No. 29A02–1012–CC–1391.**

Court of Appeals of Indiana.

July 20, 2011.

Marc S. Sedwick, Law Office of Marc S. Sedwick, P.C., Indianapolis, IN, Attorney for Appellant.

B.J. Brinkerhoff, Kopka Pinkus Dolin & Eads, LLC, Indianapolis, IN, Attorney for Appellee.

## OPINION

ROBB, Chief Judge.

### Case Summary and Issues

Marianne Jackson appeals the trial court's grant of summary judgment to Thomas Trancik, M.D., in Dr. Trancik's lawsuit to collect on a medical bill. On appeal, Jackson raises six issues, which we consolidate and restate as two: whether the trial court abused its discretion when it granted Dr. Trancik's motion to strike an expert witness affidavit designated by Jackson; and whether an issue of material fact remains as to the amount Jackson owes Dr. Trancik. Concluding that the trial court abused its discretion in striking the affidavit and that the affidavit establishes an issue of material fact as to the amount Jackson owes, we reverse and remand.

### Facts and Procedural History

Between February 26 and March 9, 2007, Dr. Trancik provided medical services to Jackson, including two office visits and shoulder surgery. The shoulder sur-

gery consisted of four separate procedures performed during one surgery. Dr. Trancik's total bill for his services was $11,147. Jackson paid Dr. Trancik a $20 co-payment, and Dr. Trancik received a $5,875 payment from Jackson's private health insurer. Dr. Trancik then gave Jackson an updated billing statement requesting payment of the $5,252 outstanding balance.

In November 2009, Dr. Trancik filed his one-count complaint against Jackson for account stated. The complaint alleged that Jackson had, at the time the medical services were rendered, entered into a contract for payment and that the $5,252 balance remained due and owing. Attached to Dr. Trancik's complaint were financial responsibility forms, signed by Jackson when the services were rendered, that guaranteed payment for charges incurred on her account.

Dr. Trancik moved for summary judgment. Jackson filed a response in opposition to summary judgment as well as a designation of evidence that included the affidavit of Ms. Christine Lewis. In that affidavit and her attached curriculum vitae, Lewis averred she is the owner of MedReview Solutions, a firm specializing in reviewing medical bills. Lewis opined, based on her review of Dr. Trancik's bill, that three of the four surgical procedures were billed incorrectly and that the failure to use correct billing methodology resulted in Dr. Trancik overcharging Jackson by $3,700.50. Appellant's Appendix at 53–54. Dr. Trancik moved to strike Lewis's affidavit, arguing that Lewis was not an expert qualified to render such an opinion and that her opinion was not shown to be reliable or based on personal knowledge.

Following a hearing, the trial court issued its order striking Lewis's affidavit and granting Dr. Trancik summary judgment for $5,252 plus pre-judgment interest and court costs. Jackson filed a motion to correct error, which the trial court denied. Jackson now appeals. Additional facts will be supplied as appropriate.

### Discussion and Decision

### I. Standard of Review

We review a trial court's summary judgment order de novo. *Kovach v. Caligor Midwest*, 913 N.E.2d 193, 196 (Ind.2009). We apply the same standard as the trial court: whether the designated evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Freidline v. Shelby Ins. Co.*, 774 N.E.2d 37, 39 (Ind. 2002). In making this determination, we construe all facts and reasonable inferences in a light most favorable to the non-moving party, *Boggs v. Tri–State Radiology, Inc.*, 730 N.E.2d 692, 695 (Ind.2000), and resolve all doubts as to the existence of a factual issue against the moving party, *Tibbs v. Huber, Hunt & Nichols, Inc.*, 668 N.E.2d 248, 249 (Ind.1996). The moving party has the initial burden of proving that there are no genuine factual issues and that judgment as a matter of law is appropriate, and only then must the non-moving party respond by setting forth specific facts showing a genuine issue for trial. *Stephenson v. Ledbetter*, 596 N.E.2d 1369, 1371 (Ind.1992).

■ Jackson also challenges the trial court's ruling to strike the affidavit of Lewis, which Jackson designated in opposition to summary judgment. A trial court's ruling on a motion to strike a summary judgment affidavit is reviewed for an abuse of discretion. *See Kroger Co. v. Plonski*, 930 N.E.2d 1, 5 (Ind.2010). We will reverse only if the trial court's decision is "clearly erroneous and against the logic and effect of the facts and circumstances before the court." *Indianapolis*

*Podiatry, P.C. v. Efroymson,* 720 N.E.2d 376, 383 (Ind.Ct.App.1999), *trans. denied.*

## II. Account Stated

### A. Background Law

As an initial matter, we clarify the substantive law that applies to this collection lawsuit for an unpaid medical bill. Dr. Trancik filed his complaint on a theory of account stated. An account stated is an agreement between the parties that all items of an account and balance are correct, together with a promise, express or implied, to pay the balance. *B.E.I., Inc. v. Newcomer Lumber & Supply Co., Inc.,* 745 N.E.2d 233, 236 (Ind.Ct. App.2001). An account stated "operates as a new contract without the need for renewed consideration, and the plaintiff does not need to plead and prove the creation and performance of each contract underlying the account." *Id.* An agreement that the balance is correct may be inferred from delivery of the statement together with the account debtor's failure to object to the amount of the statement within a reasonable time. *Id.* at 237. When a debtor fails to object to an account until after a lawsuit is filed, such will generally be considered a failure to object within a reasonable time and will support an inference of the debtor's implied agreement that the account balance is correct. *Auffenberg v. Bd. of Trustees of Columbus Reg'l Hosp.,* 646 N.E.2d 328, 331 (Ind.Ct. App.1995).

Because this is an account stated cause of action, Jackson's citation to *Stanley v. Walker,* 906 N.E.2d 852 (Ind.2009), is part-ly inapposite. In that case, our supreme court noted that "[t]he reasonable value of medical services is the measure used to determine damages to an injured party in a personal injury matter." *Id.* at 858. Relatedly, Indiana Evidence Rule 413 provides: "Statements of charges for medical, hospital or other health care expenses for diagnosis or treatment occasioned by an injury are admissible into evidence" and "[s]uch statements shall constitute prima facie evidence that the charges are reasonable." When the plaintiff's tort damages are disputed, "[t]he defendant may ... introduce its own witnesses to testify that the billed amounts do not represent the reasonable value of services." *Stanley,* 906 N.E.2d at 858.[1]

Here, because the cause of action is an account stated, not a defendant's liability for tort damages, the issue is not the reasonable value of Dr. Trancik's services, but whether the amounts Dr. Trancik billed to Jackson were correct. That is, did the charges correctly reflect the medical services Dr. Trancik provided and the amounts usually, customarily, and reasonably billed for such services? *See Galloway v. Methodist Hosps., Inc.,* 658 N.E.2d 611, 613–14 (Ind.Ct.App.1995) (discussing whether evidence supported finding that amounts billed to defendants/patients were "usual, customary, and reasonable"). Although the amount indicated on a statement is not conclusive, it is prima facie proof of the amount owed on the account. *Washington County Mem'l Hosp. v. Hattabaugh,* 717 N.E.2d 929, 933 (Ind.Ct.App. 1999). Once a prima facie case is established on an account, the burden shifts to

---

1. Another case cited by Jackson, *Washington Twp. Fire Dep't v. Beltway Surgery Ctr.,* 911 N.E.2d 590 (Ind.Ct.App.2009), *opinion expressly adopted,* 921 N.E.2d 825 (Ind.2010), is also largely inapposite as it addresses the statutory requirement of the Indiana Worker's Compensation Act that limits the pecuniary responsibility of an employer for an injured worker's medical care to charges not exceeding the 80th percentile charged in the community. An employer's use of a "billing review service" is discussed in that context. *Id.* at 595.

the account debtor to prove that the claimed amount is incorrect. *Id.*

### B. Motion to Strike

■■■ Jackson argues the trial court abused its discretion in striking the affidavit of Lewis, contending that Lewis was qualified to render an expert opinion regarding the correctness of the amounts Dr. Trancik billed and that her opinion set forth in her affidavit was admissible. Indiana Trial Rule 56(E) provides: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The affidavit requirements of Rule 56(E) are mandatory, and a court considering a summary judgment motion should disregard inadmissible information contained in affidavits. *Duncan v. Duncan*, 764 N.E.2d 763, 766 (Ind. Ct.App.2002), *trans. denied.* The party designating the affidavit bears the burden of establishing that it meets the Rule 56(E) requirements. *See id.*

■■■ Indiana Evidence Rule 702(a) provides: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." To establish an expert's qualifications, only one characteristic—knowledge, skill, experience, training, or education—is required, so an affiant may qualify as an expert based on practical experience alone. *Creasy v. Rusk*, 730 N.E.2d 659, 669 (Ind. 2000). In addition, the proponent of expert testimony must show that the subject matter is distinctly related to some scientific field, business, or profession beyond the knowledge of the average lay person.

*Norfolk S. Ry. Co. v. Estate of Wagers*, 833 N.E.2d 93, 101 (Ind.Ct.App.2005), *trans. denied.* "Where an expert's testimony is based upon the expert's skill or experience rather than on the application of scientific principles, the proponent of the testimony must only demonstrate that the subject matter is related to some field beyond the knowledge of lay persons and that the witness possesses sufficient skill, knowledge or experience in the field to assist the trier of fact. . . ." *Id.* at 102.

Lewis's curriculum vitae indicates she reviews medical bills for a living as part of her work with MedReview Solutions, a firm she has owned since 2005. In addition to that experience, Lewis is a certified public accountant and has completed a training program with Medical Billing Advocates of America. As a result, Lewis is qualified, based on her experience and training, to render an expert opinion about the correctness of Dr. Trancik's billing. Lewis's affidavit does precisely that, stating in relevant part:

7. I conducted a compliance edit utilizing Ingenix Current Procedural Coding Expert, which is based on the American Medical Association's Physicians' Current Procedural Terminology (CPT) coding system. . . . CPT is the nation's official, Health Information Portability and Accountability Act (HIPAA) compliant code set for procedures and services provided by physicians, ASCs, and hospital outpatient services, as well as laboratories, imaging centers, physical therapy clinics, urgent care centers, and others.

8. Dr. Trancik's use of Modifier 59 with each procedure created edit conflicts as Modifier 59 indicates a distinct procedural service. It is used to indicate that two or more procedures are performed at different anatomic sites or at different patient encounters. The correct use of

Modifier 59 makes it appropriate to expect reimbursement for full billed charges for each procedure.

9. The correct reimbursement method for multiple surgical procedures is this: The most resource intensive surgical service will be reimbursed at 100% and all other surgical services, up through the fifth procedure performed at the same session will be reimbursed at 50% of the allowed or contracted or billed amount. . . .

10. It is my opinion that it is common practice for physicians to submit full billed charges for multiple surgical procedures to insurance companies and the insurance carriers make the proper reduction when reimbursing.

11. After insurance payments and a $20 cash payment made to Dr. Trancik, it is my opinion that Ms. Jackson's [sic] owes Dr. Trancik an additional $1,551.50.

Appellant's App. at 55–56.

The fact that Lewis is not a medical doctor does not make her unqualified to give her opinion, because her affidavit indicates her opinion is based, not on the science of medicine, but rather on her knowledge of medical billing methodology and billing codes. *Cf. Person v. Shipley*, 949 N.E.2d 386, 391 (Ind.Ct.App.2011) (stating engineering expert was qualified to render opinion on causation of injuries when expert's "testimony as to the lack of a causal relationship between the accident and the injuries focus[ed] on the science of engineering and physics as opposed to the science of medicine"), *trans. pending.* Lewis is not second-guessing Dr. Trancik's decision to perform the surgery that he did, nor is she opining about the quality of his work or its utility measured in medical terms. Rather, Lewis is opining that given the services that were performed, a different amount should have been billed

according to methodology that reflects commonly accepted pricing and reimbursement methods. A trier of fact may consider Lewis's lack of medical training when evaluating the weight to be given to her opinion, but that does not make her opinion inadmissible. *See Brooks v. Friedman*, 769 N.E.2d 696, 702 (Ind.Ct.App. 2002) (noting that once foundational requirements are met, "[t]he finder of fact is entitled to weigh and determine the credibility to be accorded the expert's opinion" based on, among other things, the extent of the expert's experience and expertise), *trans. denied.*

In addition, we think it evident that the subject matter of Lewis's affidavit is beyond the knowledge of ordinary lay persons. *See Stanley*, 906 N.E.2d at 857 (discussing the complexities of current medical pricing as revealed by published authorities). Therefore, it is a proper subject for expert opinion.

 Moreover, Lewis's affidavit is not inadmissible on the grounds that it indicates reliance on hearsay sources of information. Indiana Evidence Rule 703 provides: "Experts may testify to opinions based on inadmissible evidence, provided that it is of the type reasonably relied upon by experts in the field." Specifically, an expert may utilize hearsay information in forming his or her opinion. *Bunch v. Tiwari*, 711 N.E.2d 844, 848 (Ind.Ct.App. 1999). Lewis's affidavit indicates that the medical billing authority she utilized to review Dr. Trancik's bill—"Ingenix Current Procedural Coding Expert"—is based on an "official" coding system owned by the American Medical Association. Appellant's App. at 55. This is a sufficient showing, for purposes of admissibility as opposed to the weight to be given Lewis's opinion, that Lewis's source is one reasonably relied upon by medical billing experts.

We conclude the trial court abused its discretion by striking Lewis's affidavit which Jackson designated in opposition to Dr. Trancik's summary judgment motion. We next review that motion to determine if Lewis's affidavit, together with the other designated evidence, establishes a genuine issue of material fact precluding summary judgment.

### C. Summary Judgment

 Jackson argues there is an issue of material fact as to the amount Jackson still owes Dr. Trancik. Because Dr. Trancik submitted his bill for services to Jackson, and there is no indication Jackson disputed the account until after Dr. Trancik filed suit, the designated evidence establishes an account stated. *See supra* Part II.A. Dr. Trancik's bill claims an additional $5,252.00 owed by Jackson, after a $20.00 co-payment and Dr. Trancik's receipt of partial payment by Jackson's insurer. The amount indicated on Dr. Trancik's bill is a prima facie showing Jackson still owes that amount, shifting the burden to Jackson to prove the claimed amount is incorrect. *See Washington County Mem'l Hosp.*, 717 N.E.2d at 933. Thus, Dr. Trancik has met his initial burden on summary judgment to establish a prima facie case that there is no genuine issue of material fact. The question becomes, then, whether Jackson's designated evidence, chiefly Lewis's affidavit, establishes a genuine factual issue to be resolved at trial.

 We conclude that it does. Lewis's affidavit includes her expert opinion that Dr. Trancik overcharged Jackson by $3,700.50, such that Jackson now owes Dr. Trancik only $1,551.50. Whether Jackson owes $5,252.00, $1,551.50, or some amount in between, is a genuinely disputed issue that can be resolved only by a trier of fact weighing the conflicting evidence. If a court must weigh conflicting evidence to reach a decision, summary judgment is improper. *Madison County Bank & Trust Co. v. Kreegar*, 514 N.E.2d 279, 281 (Ind.1987). Therefore, a genuine issue of material fact remains, and we conclude the trial court erred in granting summary judgment to Dr. Trancik.

### Conclusion

The trial court abused its discretion in striking the expert witness affidavit designated by Jackson, and the affidavit establishes a genuine issue of material fact precluding summary judgment. The trial court's grant of summary judgment to Dr. Trancik is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

NAJAM, J., and CRONE, J., concur.