**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**RICHARD A. BUTLER**
Lawrenceburg, Indiana

ATTORNEY FOR APPELLEE:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TOBY D. POPE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 15A01-1403-CC-102 |
| | ) | |
| CITY OF LAWRENCEBURG, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DEARBORN CIRCUIT COURT
The Honorable James D. Humphrey, Judge
The Honorable Kimberly A. Schmaltz, Magistrate
Cause No. 15C01-1303-CC-148

**October 23, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Toby D. Pope (Pope), appeals the trial court's summary judgment, entered in favor of Appellee-Petitioner, City of Lawrenceburg, Indiana (City).

We affirm.

## ISSUE

Pope raises one issue on appeal, which we restate as follows:  Whether the trial court erred in entering summary judgment for the City.

## FACTS AND PROCEDURAL HISTORY

In 2011, the City instituted the Concrete Program, which afforded an opportunity for all landowners in Lawrenceburg to procure new concrete sidewalks, porches, patios, walls, and/or driveways at a predetermined rate.  On August 31, 2011, Pope and the City executed an Agreement for specific concrete work on Pope's property, located at 504 Meadowbrook Drive in Lawrenceburg.  A few months later, the City completed the project, which included a patio, driveway, and sidewalk.  The City submitted an invoice to Pope, reflecting a total balance of $12,865.50.

On March 27, 2013, the City filed a Complaint, alleging that Pope breached the Agreement by "fail[ing] to make any payments toward" his outstanding obligation for work performed "on or before November 30, 2011." (Appellant's App. p. 8).  On September 6, 2013, the City filed a Motion for Summary Judgment.  On November 19, 2013, the trial court conducted a hearing on the City's Motion.  Although Pope filed a response and designated evidence in support of his opposition to summary judgment, neither he nor his attorney appeared at the hearing.  On November 19, 2013, the trial court entered summary

2

judgment in favor of the City. Finding "no genuine issue of material fact in this cause of action as appears from all the pleadings and papers filed herein, and as a matter of law," the trial court ordered Pope to pay the City the sum of $12,865.50, plus costs and interest. (Appellant's App. p. 5). On December 18, 2013, Pope filed both a motion to correct error and a motion for relief from summary judgment. Pope's motion to correct error was deemed denied pursuant to Indiana Trial Rule 53.3(A). By the time a hearing was scheduled on Pope's motion for relief from summary judgment, Pope had already filed his Notice of Appeal.

Pope now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Standard of Review*

On appeal, our court reviews a trial court's summary judgment *de novo*. *Jackson v. Trancik*, 953 N.E.2d 1087, 1090 (Ind. Ct. App. 2011). We "stand[] in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment." *City of Lawrenceburg v. Milestone Contractors, L.P.*, 809 N.E.2d 879, 882 (Ind. Ct. App. 2004), *trans. denied*. Summary judgment is appropriate "if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009) (internal citation omitted).

3

Initially, the party moving for summary judgment bears the "burden of making a prima facie showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law." *Manley v. Sherer*, 992 N.E.2d 670, 673 (Ind. 2013). The burden then shifts to the non-moving party to present evidence demonstrating the existence of a genuine issue of material fact. *Id.* The party appealing the summary judgment must persuade our court that the trial court's decision was erroneous. *Gatto v. St. Richard Sch., Inc.*, 774 N.E.2d 914, 919 (Ind. Ct. App. 2002). We carefully review summary judgment decisions "to ensure that the parties are not improperly denied their day in court." *Gunkel v. Renovations, Inc.*, 822 N.E.2d 150, 152 (Ind. 2005). Thus, we construe all inferences in favor of the non-moving party and resolve any doubts regarding the existence of any material issues of fact against the moving party. *Manley*, 992 N.E.2d at 673. We may affirm a grant of summary judgment on any theory supported by the evidence. *Id.* However, in making this determination, our review is limited to a consideration of the evidentiary materials specifically designated by the parties. T.R. 56(H); *see Gatto*, 774 N.E.2d at 919.

## II. *Genuine Issue of Material Fact*

The trial court concluded, as a matter of law, that the City is entitled to damages based on Pope's breach of the Agreement. "The essential elements of a breach of contract action are the existence of a contract, the defendant's breach thereof, and damages." *Gatto*, 774 N.E.2d at 920. In this case, Pope claims that the City failed in its burden to show that there are no genuine issues as to whether a contract actually exists or, if a contract does exist, as to its terms, thereby precluding summary judgment.

4

Included in the evidence that the City designated in support of its Motion for Summary Judgment is a copy of the Agreement, executed on August 31, 2011. In part, the Agreement provides that "[t]he City will perform the work designated in Exhibit A and at a price designated on Exhibit B, and [Pope] agrees to pay in full the cost of said work as set out in the terms of Exhibit A and B." (Appellant's App. p. 10). Attached to the Agreement, Exhibit A sets forth a detailed estimate of the various concrete structures, for a total contract price of $12,865.50. In addition, the City submitted an affidavit from Dena Baker (Baker), who executed the Agreement on behalf of the City. In her affidavit, Baker—based on her personal knowledge—averred that Pope signed the Agreement on August 31, 2011, and that he has not remitted any payments.

As further evidence, the City also designated its Complaint and Pope's Answer thereto. The Complaint stipulates that the City "completed all work as set forth in the parties' Agreement on or before November 30, 2011, at which time [Pope] was provided with an invoice for the amount due." (Appellant's App. p. 8).[1] Although Pope, in his Answer, stated that he "lacks knowledge or information sufficient to form a belief as to the truth of the averments" regarding the completion of the concrete work, he admitted the City's allegation that he "has failed to make any payments toward this obligation and has an outstanding balance due to [the City] in the amount of . . . $12,865.50." (Appellant's App. pp. 8, 31). Therefore, we find that the City's designated materials sufficiently

---

[1] Pope contends that the City is not entitled to relief as a matter of law because Baker's affidavit "fail[ed] to state that the City performed the work entitling it to payment." (Appellant's Br. p. 10). We disagree. The trial court's consideration was confined to the material specifically designated by the moving party, which includes the City's Complaint, but it was certainly not limited to the information averred in Baker's affidavit. *See* T.R. 56(C).

5

demonstrate, prima facie, that Pope is indebted to the City for concrete work completed pursuant to the Agreement. Thus, the burden shifts to Pope to prove the existence of a genuine issue of material fact.

Once the burden has shifted, the non-moving party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in [Trial Rule 56], must set forth specific facts showing that there is a genuine issue for trial." T.R. 56(E). In support of his opposition to summary judgment, Pope designated his own affidavit, in which he affirmed the following, "under the penalties of perjury":

(1) I am more than 18 years of age, of sound mind[,] and have personal knowledge of all matters asserted here.
(2) I did not enter into a contract with the City . . . on or about August 31, 2011 or any time before or thereafter to pay for work estimated on October 4, 2011.
(3) I did not enter into a contract with the City . . . on or about August 31, 2011 or any time before or thereafter to pay "48 monthly payments @ [$]268.03 per month."

(Appellant's App. p. 47).

According to Pope, his affidavit created a genuine issue of material fact regarding whether a contract was ever created. Contract formation requires an "offer, acceptance, consideration, and a meeting of the minds of the contracting parties." *Fiederlein v. Boutselis*, 952 N.E.2d 847, 856 (Ind. Ct. App. 2011). The existence of a contract is a question of law. *Id.* However, the parties' intent in forming a contract "is a factual matter to be determined by the trier from all of the circumstances." *Cont'l Grain Co. v. Followell*, 475 N.E.2d 318, 321 (Ind. Ct. App. 1985), *reh'g denied, trans. denied.*

6

In his affidavit, Pope does not deny that he signed *any* contract with the City; nor does he dispute that the City completed the concrete work specified in the Agreement. Instead, it appears that Pope's challenge to the existence of the Agreement is based upon a lack of mutual assent to the terms regarding the price. To this end, Pope directs our attention to the fact that Exhibit A, which sets forth the scope and estimated cost of the work, is dated October 4, 2011—more than one month after the Agreement was purportedly signed. In addition, Exhibit A instructs the landowner to remit a "signed copy of this document to the City . . . if you agree [t]o the work and terms[,]" but the signature line on Exhibit A is blank. (Appellant's App. p. 12). Furthermore, the first page of the Agreement contains the following handwritten notation: "This agreement replaces original agreement of $4680.00 (DB 10/6/11)." (Appellant's App. p. 10). Another handwritten proviso, which is also initialed solely by "DB" but not dated, provides that the parties agreed to an alternative payment plan of "48 monthly payments @ [$]268.03 per month." (Appellant's App. p. 10). Nothing on the face of the Agreement indicates that Pope agreed to anything after August 31, 2011.

Given the post-execution date of Exhibit A and the handwritten notations, it is apparent that the Agreement has, at some point, been modified. Contracting parties may mutually agree to modify an agreement, but one party may not make unilateral changes to a contract. *Stelko Elec., Inc. v. Taylor Cmty. Sch. Bldg. Corp.*, 826 N.E.2d 152, 159 (Ind. Ct. App. 2005). A party's unilateral alteration to the terms of a contract would negate the mutual assent element required for the contract to exist. *See Troutwine Estates Dev. Co. v. Comsub Design & Eng'g, Inc.*, 854 N.E.2d 890, 897 (Ind. Ct. App. 2006), *trans. denied*.

7

Here, Pope's averment that he did not agree to the terms of the Agreement directly contradicts the City's evidence that Pope agreed to pay for the concrete work detailed in Exhibit A of the Agreement.

We recognize that Pope's affidavit is self-serving and superficial. It is clear that he carefully crafted his statements in order to circumvent an admission that he entered into any contract with the City, and he never denied that he received the benefit of $12,865.50 worth of new concrete. Nevertheless, it is well settled that "[w]itness credibility and the relative apparent weight of evidence are not relevant considerations" for summary judgment. *Kader v. State*, 1 N.E.3d 717, 727 (Ind. Ct. App. 2013). In fact, Trial Rule 56(E) requires only that the affidavit contain admissible facts and that the affiant has personal knowledge and is competent to testify. "If a court must weigh conflicting evidence to reach a decision, summary judgment is improper." *Jackson*, 953 N.E.2d at 1094. Accordingly, we find that Pope's affidavit, although self-serving and suspiciously vague, is sufficient to create a genuine issue of fact as to whether he agreed to be bound by the same terms that the City now claims he has breached. *See Hughley v. State*, No. 49S04-1406-MI-386, 2014 WL 4425245, at *1, *3 (Ind. Sept. 9, 2014) (holding that a defendant's "self-serving and none too detailed" affidavit was sufficient to "clear[] [the] low bar" for creating a genuine issue of material fact).

### III. *Unjust Enrichment*

Notwithstanding our finding that Pope's affidavit created an issue of fact regarding the Agreement's formation, we nevertheless find that the trial court could have properly granted the City's motion for summary judgment under the doctrine of unjust enrichment.

8

*See Manley*, 992 N.E.2d at 673 (noting that an appellate court may affirm summary judgment on any theory supported by the parties' designated materials). Even where there is no express contract, unjust enrichment—also referred to as *quantum meruit* or a quasi-contract—provides equitable relief in cases where "a benefit was rendered to another at the express or implied request of such other party." *Kelly v. Levandoski*, 825 N.E.2d 850, 861 (Ind. Ct. App. 2005), *trans. denied*.

In the present case, even if the Agreement does not exist to establish that Pope accepted the estimated cost of the City's proposal, the estimate was calculated based upon the request of the landowner—*i.e.*, Pope—for specific concrete work. As the *undisputed* designated evidence demonstrates, the City poured a new concrete driveway, sidewalk, and patio on Pope's property at a cost of $12,865.50. Moreover, Pope accepted this benefit without objection. *See Ritzert Co. v. United Fid. Bank, FSB*, 935 N.E.2d 756, 760 (Ind. Ct. App. 2010), *trans. denied*. Accordingly, to permit Pope to retain the value of this benefit without payment would be unjust.

CONCLUSION

Based on the foregoing, we conclude that there are existing issues of material fact regarding the formation of the Agreement, but we nevertheless affirm the trial court's summary judgment on the basis of unjust enrichment.

Affirmed.

CRONE, J. concurs in result without opinion

MATHIAS, J. concurs in part and dissents in part with opinion

9

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TOBY D. POPE, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 15A01-1403-CC-102 |
| | ) | |
| CITY OF LAWRENCEBURG, INDIANA, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

**MATHIAS, Judge concurs in part and dissents in part**

I concur with the majority's conclusion that the City designated evidence to establish, prima facie, that "Pope is indebted to the City for concrete work completed pursuant to the Agreement." Slip op. at 6. In addition, I agree that Pope's self-serving affidavit is sufficient to create a genuine issue of material fact "as to whether he agreed to be bound by the same terms that the City" claims he breached. Slip op. at 8. However, I

10

disagree with the majority's application of the doctrine of unjust enrichment to the case before us.

The City did not plead or argue the doctrine of unjust enrichment but elected to pursue a claim of breach of contract against Pope. The City designated a signed contact executed on August 31, 2011, naming the City and Pope as parties. The City alleged that Pope breached the contract by failing to pay $12,865.50 for the concrete work (by failing to make installment payments for forty-eight months in the amount of $268.03 per month). But the City's own exhibits establish that the $12,865.50 project cost was not calculated until October 4, 2011, weeks after the parties executed the August 31, 2011 agreement. And a genuine issue of material fact exists as to whether Pope agreed to pay $12,865.50 for the concrete work. See Appellant's App. p. 49; Slip op. at 7-8.

Unjust enrichment allows a party to recover when a court applies the legal fiction of constructive contract. A constructive contract (also known as a quasi-contract or a contract implied at law) refers to a situation where no contract exists, but "justice nevertheless warrants a recovery under the circumstances as though there had been a promise." Ahuja v. Lynco Ltd. Med. Research, 675 N.E.2d 704, 709 (Ind. Ct. App. 1996), trans. denied. Thus, unjust enrichment operates where there is no governing contract. DiMizio v. Romo, 756 N.E.2d 1018, 1024-25 (Ind. Ct. App. 2001), trans. denied; see also Zoeller v. East Chicago Second Century, Inc., 904 N.E.2d 213 (Ind. 2009) ("A claim for unjust enrichment 'is a legal fiction invented by the common law courts in order to permit a recovery . . . where the circumstances are such that under the law of natural and

immutable justice there should be a recovery[.]'") (quoting Bayh v. Sonnenburg, 573 N.E.2d 398, 408 (Ind. 1991)).

By alleging the existence of a contract, the City has selected its remedy, and I believe that that the majority's application of the doctrine of unjust enrichment, *sua sponte*, to affirm the judgment in favor of the City is improper. I would therefore reverse the entry of summary judgment and remand this case for a trial on the merits.