**J.C. SPENCE & ASSOCIATES, INC.,**
**Appellant–Defendant,**

v.

**Thomas E. GEARY, Appellee–Plaintiff.**

**No. 84A05–9810–CV–504.**

Court of Appeals of Indiana.

July 15, 1999.

Richard A. Young, Chris R. Whitten, Eric D. Johnson, Indianapolis, Indiana, Attorneys for Appellant.

John P. Nichols, C. Joseph Anderson, Anderson & Nichols, Terre Haute, Indiana, Attorneys for Appellee.

## OPINION

FRIEDLANDER, Judge

J.C. Spence & Associates, Inc. (Spence) brings this appeal claiming that the trial court erred in denying its renewed motion for summary judgment in this personal injury case. Thomas E. Geary fell on the exterior stairway of his condominium at Cambridge Colony Condominiums on March 3, 1996. He filed a complaint on June 12, 1997 against Spence,[1] the contractor who built, designed, and sold the condominiums at Cambridge Colony, essentially alleging that his injuries resulted from the negligent design and construction of the stairway.[2] The following restated issue is presented in this interlocutory appeal:

> Is there a genuine issue of material fact with regard to either 1) whether the condominium was capable of occupancy; or 2) whether the stairway upon which Geary fell was substantially completed more than ten years before Geary commenced this action?

We reverse and remand.

After Geary filed his complaint, Spence filed an answer in which it raised the applicable ten-year statute of repose as an affirmative defense. Spence also filed a motion for summary judgment pursuant to Ind. Trial Rule 56 and argued that the condominium unit was substantially completed on March 1, 1986, more than eleven years before Geary filed his complaint in this case. In support of its motion for summary judgment, Spence designated the complaint and an affidavit of James C. Spence, in which he alleged, *inter alia*, that the stairway upon which Geary fell

---

1. Geary's complaint also included counts against Cambridge Colony Association, Inc., and Pfister & Co., Inc., but they are not parties to this appeal.

2. Geary's complaint alleges that his injuries resulted from deficiencies "in the manner in which the common ways and access, including but not limited to the stairways, to the individual condominium units were designed, constructed, erected, and built." *Record* at 12.

was installed in November 1985, and the condominium unit now belonging to Geary was substantially complete by March 1, 1986.

In response to Spence's motion for summary judgment, Geary argued that there was a genuine issue of material fact with regard to "[w]hether the condominium ... was substantially complete by March 3, 1986." *Record* at 81. In opposition to the motion for summary judgment, Geary designated the affidavit of James C. Spence and an affidavit by Sondra Strain, the assistant chief deputy of the Harrison Township Assessor's Office. Strain's affidavit stated in pertinent part:

4. That the property record card [of the condominium unit at issue in this case] indicates that on March 1, 1986, the building was only 90% complete according to the County Board of Review, see attached "Exhibit A."

5. That J.C. Spence and Associates were originally assessed on March 1, 1986, that this project was 100% completed. *Thereafter, it appears to me that J.C. Spence and Associates challenged the assessment and the assessment was revised down to 90% completion by the County Board of Review.*

6. *It appears to me from reviewing the property tax card that the condominium units did not have flooring, did not have appliances, did not have light fixtures, painting, and decorating.*

*Record* at 85 (emphasis supplied). Spence thereafter filed a motion to strike the underlined portions of Strain's affidavit. On December 2, 1997, the trial court entered an order granting Spence's motion to strike the above-referenced portions of Strain's affidavit.

On January 30, 1998, the trial court entered an order denying Spence's motion for summary judgment. On May 11, 1998, Spence filed a "Renewed Motion for Summary Judgment". *Record* at 159. Spence designated the complaint, Spence's original and a supplemental affidavit, and affidavits of B.J. Karpinecz and John David Hasler in support of its renewed motion. In his supplemental affidavit, James C. Spence stated that the subject condominium unit was conveyed by warranty deed to John David Hasler and Tenna Marie Bath on April 28, 1986.

He also stated that the exterior stairway leading to the subject condominium unit was installed in November 1985 by Bill Andrew Carpentry and that Spence made final payment to Andrew for installation of the stairway and other construction-related services in December 1985. In addition, James C. Spence stated in his affidavit:

11. Between November, 1985 and February, 1986, the subject stairway was used as a means of ingress and egress by numerous contractors that were hired by J.C. Spence & Associates, Inc. to perform work at the subject condominium unit.

12. Between November, 1985 and February, 1986, I used the subject stairway to view the subject condominium unit.

13. Prior to March 1, 1986, the subject condominium unit was substantially complete.

14. The subject condominium unit was ready for occupancy prior to March 1, 1986.

*Record* at 135–36.

B.J. Karpinecz stated in his affidavit that, while employed by Spence as a sales agent, he entered into a purchase agreement with Hasler and Bath on February 16, 1986. Karpinecz also stated in his affidavit that he showed the subject condominium unit to Hasler and Bath prior to the signing of the purchase agreement and that the three used the stairway to enter the condominium unit. Karpinecz further stated, *inter alia*, that they "walked through the condominium unit and the interior appeared to be completely finished" and that "the condominium unit was capable of being occupied at the time the purchase agreement was signed." *Record* at 141–42.

Hasler stated in his affidavit that he and Bath entered into a purchase agreement to buy the subject condominium on February 16, 1986 and that, "[b]efore signing the purchase agreement, a[R]ealtor showed us the condominium, and it appeared to be ready for occupancy." *Record* at 144. Hasler further stated in the affidavit that he and Bath "took possession of the condominium roughly two months after [they] signed the purchase agreement during which time [they] had to

make financing arrangements and go through the closing process." *Id.* at 144–45.

Geary thereafter filed a motion to dismiss Spence's renewed motion for summary judgment and designated Strain's and Spence's affidavits in support of its motion.[3] The trial court granted Geary's motion and dismissed Spence's renewed motion for summary judgment. Spence filed a motion to reconsider and vacate the court's order dismissing its renewed motion for summary judgment. The trial court granted Spence's motion to reconsider and vacate its earlier order dismissing the renewed motion for summary judgment, but in the same order, denied Spence's renewed motion for summary judgment.

At Spence's request, the trial court entered an order certifying this matter for an interlocutory appeal. This court thereafter entered an order granting Spence's petition to accept jurisdiction of this interlocutory appeal.

We now address whether the trial court erred in denying Spence's renewed motion for summary judgment.

■ In an Indiana summary judgment proceeding, "the party seeking summary judgment must demonstrate the absence of any genuine issue of fact as to a determinative issue, and only then is the non-movant required to come forward with contrary evidence." *Jarboe v. Landmark Community Newspapers of Indiana, Inc.,* 644 N.E.2d 118, 123 (Ind.1994). T.R. 56(C) provides in pertinent part:

> At the time of filing [a] motion [for summary judgment] or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. A party opposing the motion shall also designate to the court each material issue of fact which that party asserts precludes entry of summary judgment and the evidence relevant thereto. The judgment sought shall be rendered forthwith if the designated evidentiary matter shows that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

■ On the other hand, summary judgment should not be entered where material facts conflict or where conflicting inferences are possible. *Miller v. Monsanto Co.,* 626 N.E.2d 538 (Ind.Ct.App.1993).

When reviewing the grant or denial of a motion for summary judgment our standard of review is the same as that used by the trial court: whether there is a genuine issue of material fact and whether the moving part is entitled to judgment as a matter of law. On review, we may not search the entire record to support the judgment, but may only consider that evidence which has been specifically designated to the trial court. The party appealing the trial court's grant or denial of summary judgment has the burden of persuading this court that the trial court's decision was erroneous. A summary judgment determination shall be made from any theory or basis found in the evidentiary matter designated to the trial court.

*City of New Haven v. Chemical Waste Management of Indiana, L.L.C.,* 701 N.E.2d 912, 922 (Ind.Ct.App.1998), *trans. denied* (citations omitted). "We give careful scrutiny to the pleadings and designated materials, construing them in a light most favorable to the non-movant." *Diversified Financial Systems, Inc. v. Miner,* 713 N.E.2d 293, 297 (Ind.Ct.App.1999).

Spence contends that 1) the condominium was capable of occupancy; and 2) the stairway upon which Geary fell was substantially completed more than ten years before Geary commenced this action and therefore the statute of repose set forth in Ind.Code Ann. § 32–15–1–2 (West Supp.1998) operates to bar Geary's claim. Accordingly, Spence claims that the trial court erred in denying its renewed motion for summary judgment.

IC § 32–15–1–2 states:

**3.** In his brief in opposition to Spence's renewed motion for summary judgment, Geary relied in part upon those portions of Strain's affidavit that the trial court had previously ordered to be stricken.

No action to recover damages whether based upon contract, tort, nuisance, or otherwise, for:

(1) any deficiency, or alleged deficiency, in the design, planning, supervision, construction, or observation of construction of an improvement to real property;

(2) an injury to property, either real or personal, arising out of any deficiency; or

(3) injury to the person, or for wrongful death, arising out of any such deficiency; shall be brought against any person who designs, plans, supervises, or observes the construction of, or constructs an improvement to real property, unless the action is commenced within the earlier of ten (10) years from the date of substantial completion of the improvement or twelve (12) years after the completion and submission of plans and specifications to the owner if the action is for deficiency in design.

IC § 32–15–1–1 defines the phrase "date of substantial completion", as that phrase is used in IC § 32–15–1–2:

"Date of substantial completion" means the earlier of:

(A) the date upon which construction of an improvement to real property is sufficiently completed, in accordance with a contract of construction (as modified by any additions, deletions, or other amendments) so that the owner of the real property upon which the improvement is constructed can occupy and use the premises in the manner contemplated by the terms of the contract; or

(B) the date of the first beneficial use of the improvement or any portion of the improvement.

IC § 32–15–1–1(4).

Construing the designated materials in a light most favorable to Geary, the nonmovant, we conclude that the trial court erred in denying Spence's renewed motion for summary judgment. Excluding those portions of Strain's affidavit which the trial court ordered stricken, the evidence designated by Geary does not support Geary's claim that there is a genuine issue of material fact with regard to whether the condominium was substantially completed at least ten years before Geary initiated this action.

■ First, the evidence designated by Spence in support of its renewed motion for summary judgment establishes that the condominium unit was capable of occupancy before March 1, 1986, and the evidence designated by Geary does not establish a genuine issue of material fact with regard to that issue. While Strain's affidavit and the accompanying property record card state that, as of March 1, 1986, the building was only ninety-percent complete for tax purposes, they do not address whether the condominium unit was substantially completed, as that phrase is defined in IC §§ 32–15–1–2 and 32–15–1–1, at that time. Therefore, Geary's designated materials fail to establish that there is a genuine issue of material fact with regard to whether the condominium unit was substantially completed more than ten years before Geary initiated this action.

■ Second, the designated evidence establishes that the date of the first beneficial use of the exterior stairway upon which Geary fell occurred more than ten years before Geary initiated this action. The phrase "beneficial use" has been defined as: "The right to use and enjoy property according to one's own liking or so as to derive a profit or benefit from it, including all that makes it desirable or habitable, as light, air, and access; as distinguished from a mere right of occupancy or possession." *Black's Law Dictionary* 157 (6th ed.1990). The term "beneficial" has also been defined as "Tending to the benefit of a person; yielding a profit, advantage, or benefit; enjoying or entitled to a benefit or profit." *Id.* at 156. Applying these definitions to this case, we conclude that the affidavits of James C. Spence and B.J. Karpinecz established that the first beneficial use of the stairway occurred, at the latest, in February 1986, when Karpinecz used the stairway to show the condominium unit to Hasler and Bath prior to the signing of the purchase agreement, or perhaps as early as November 1985, when the stairway was used as a means of ingress and egress by numerous contractors as well as by James C. Spence. Thus, there was no genuine issue of material fact with regard to whether the date of the first beneficial use of the exterior stairway of the condominium

occurred more than ten years before Geary initiated this suit.

We reverse the order denying Spence's motion for summary judgment and remand this case to the trial court for entry of summary judgment in Spence's favor.

Reversed and remanded.

BAILEY, J., and STATON, J., concur.