Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 20 2012, 9:08 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DOUGLAS M. GRIMES**
Douglas M. Grimes, P.C.
Gary, Indiana

ATTORNEY FOR APPELLEE:

**ALGER V. BOSWELL**
City Attorney, City of Gary Law Department
Gary, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THOMAS EATON, et al., | ) | |
| | ) | |
| Appellants-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 45A04-1106-MI-312 |
| | ) | |
| CITY OF GARY, et al., | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Thomas W. Webber, Sr., Special Judge
Cause No. 45D01-0810-MI-31

**March 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellants-Plaintiffs Thomas Eaton, et al. (collectively "Appellants") appeal the trial court's order denying their motion to correct error. On appeal, Appellants claim that the trial court abused its discretion in denying their motion to correct error because the trial court improperly denied their motion for summary judgment and granted summary judgment in favor of Appellees-Defendants City of Gary et al. (collectively "Appellees"). Concluding that the trial court properly denied Appellants' motion for summary judgment, and as such acted within its discretion in denying Appellants' motion to correct error, we affirm.

## FACTS AND PROCEDURAL HISTORY

This appeal arises out of Appellants' challenge to the passage of an ordinance by the City of Gary Common Council ("Common Council") allowing for the imposition of a monthly trash collection fee on City residents.

On October 14, 2008, the Gary Sanitation District, through the members of its Board of Commissioners and its Special Administrator, passed a resolution ("October 14, 2008 resolution") that obligated the Sanitation District to "remunerate a private waste hauler with rate payer/tax payer monies for performing certain residential waste collection services within the City." Appellants' App. p. 29. On October 17, 2008, Appellants filed suit challenging the Sanitation Department's October 14, 2008 resolution. Appellees moved to dismiss Appellants' legal challenge to the Sanitation Department's October 14, 2008 resolution and stipulated that no fee would be collected until an ordinance allowing for a monthly trash collection fee was passed by the Common Council. On February 3, 2009, the trial court issued an order in which it denied Appellees' motion to dismiss and determined

2

that a trash collection fee could be collected by Appellees if the Common Council passed an ordinance allowing for such.

On July 7, 2009, the Common Council defeated Council Pending Ordinance 2009-22 ("C.P.O. 09-22") which would have allowed for the imposition of the monthly trash collection fee by a vote of three ayes to six nays. By a vote of seven ayes to two nays, the Common Council voted to reconsider C.P.O. 09-22 at its next scheduled meeting on July 21, 2009. During the July 21, 2009 meeting, the Common Council approved C.P.O. 09-22 by a vote of five ayes to four nays. C.P.O. 09-22 became Ordinance No. 8276, which retroactively allowed for the imposition of a monthly trash collection fee.

On September 1, 2009, Appellants sought permission to file their first amended complaint. On September 23, 2009, the trial court determined that the validity of Ordinance No. 8276 was ripe for challenge and allowed Appellants to file their first amended complaint.

On May 11, 2010, Appellants filed a motion for summary judgment alleging that they were entitled to judgment as a matter of law because the Appellees did not follow the proper procedures in retroactively adopting a trash collection fee. On June 7, 2010, Appellees filed their brief and designation of evidence in opposition to Appellants' motion for summary judgment. On June 14, 2010, Intervenor Illiana Disposal Partnership filed its response to Appellants' motion for summary judgment. On December 16, 2010, the trial court entered an order granting Appellees' motion for summary judgment and denying Appellants' motion for summary judgment.[1] On January 18, 2011, Appellants filed a motion to correct error alleging that the trial court erroneously denied their motion for summary judgment. Following a

3

hearing on May 11, 2011, the trial court denied Appellants' motion to correct error on May

13, 2011. This appeal follows.

## DISCUSSION AND DECISION

### I. Standard of Review

Appellants argue that the trial court abused its discretion in denying their motion to

correct error which was filed after the trial court denied their motion for summary judgment.[1]

> We generally review the denial of a motion to correct error for an abuse of discretion. *Hawkins v. Cannon*, 826 N.E.2d 658, 661 (Ind. Ct. App. 2005). However, where the issues raised in the motion are questions of law, the standard of review is de novo. *City of Indianapolis v. Hicks*, 932 N.E.2d 227, 230 (Ind. Ct. App .2010), *trans. denied*.

*Kornelik v. Mittal Steel USA, Inc.*, 952 N.E.2d 320, 324 (Ind. Ct. App. 2011). In support,

Appellants claim that the trial court's denial of their motion for summary judgment is

erroneous because the trial court must not have considered all of their designated evidence.

Pursuant to Rule 56(C) of the Indiana Rules of Trial Procedure, summary judgment is

appropriate when there are no genuine issues of material fact and when the moving party is

entitled to judgment as a matter of law. *Heritage Dev. Of Ind., Inc. v. Opportunity Options,*

*Inc.*, 773 N.E.2d 881, 887-88 (Ind. Ct. App. 2002).

> When reviewing the grant or denial of a motion for summary judgment our standard of review is the same as that used by the trial court: whether there is a genuine issue of material fact and whether the moving part is entitled to judgment as a matter of law. On review, we may not search the entire record to support the judgment, but may only consider that evidence which has been specifically designated to the trial court. The party appealing the trial court's grant or denial of summary judgment has the burden of persuading this court that the trial court's decision was erroneous. A summary judgment determination shall be made from any theory or basis found in the evidentiary

---

[1] It is unclear from the record when Appellees filed their motion for summary judgment.

matter designated to the trial court.

*J.C. Spence & Associates, Inc. v. Geary*, 712 N.E.2d 1099, 1102 (Ind. Ct. App. 1999) (quoting *City of New Haven v. Chemical Waste Mgmt. of Ind., L.L.C.*, 701 N.E.2d 912, 922 (Ind. Ct. App. 1998), *trans. denied*). "'We give careful scrutiny to the pleadings and designated materials, construing them in a light most favorable to the non-movant.'" *Id.* (quoting *Diversified Fin. Sys., Inc. v. Miner*, 713 N.E.2d 293, 297 (Ind. Ct. App. 1999)).

## II. Whether the Trial Court Erred in Denying Appellants' Motion for Summary Judgment

Appellants argue that the trial court erred in denying their motion for summary judgment. In making this argument, Appellants claim that the trial court must not have considered their designated evidence because it conclusively established "that the City did not properly follow its rules and procedures in the alleged adoption of the trash fee ordinance." Appellants' Br. p. 9. Thus, Appellants claim that they carried their "burden by making a prima facie showing that there were no genuine issues of material fact as to whether the City properly followed its rules and procedures and properly adopted Ordinance [No.] 8276 on July 21, 2009." Appellants' Br. p. 9. Appellants, however, do not make it clear which rule or procedure they believe the Common Council did not comply with. Further, in making this claim, Appellants fail to recognize that to the extent that the Common Council did not follow its rules and procedures in adopting Ordinance No. 8276, the Common Council voted to suspend its rules and procedures pursuant to Section 32.37(A) of the Municipal Code of Ordinances ("Code") to allow for the procedure used in passing Ordinance No. 8276.

It is undisputed that the Common Council voted on two motions concerning C.P.O. 09-22 rather than the three that Appellants apparently claim were required by the Common Council's rules and procedures. Section 32.37(A) of the Code provides that "[t]he rules may be temporarily suspended by the consent of six of the nine members of the Common Council or by the two-thirds of any quorum."[2] Appellants' App. p. 127. The minutes from the July 21, 2009 Common Council meeting, which were designated by both Appellants and Appellees, provide as follows:

> Councilman Pratt moved to Suspend the Rules to reconsider **C.P.O. 09-22**. It was seconded by Councilwoman Robinson. Roll Call showed a vote of 7 ayes 2 nays (Allen, Hatcher). The Chair declared this motion duly passed. Councilwoman Pratt moved to reconsider the vote on the matter of **C.P.O. 09-22**. It was seconded by Councilwoman Brown. Councilman Pratt stated the justification to reconsider the vote of an ordinance previously voted upon as stated in Roberts Rules of Order and stated in the Gary Municipal Code Section 32.28 of the Council Rules & Regulations. Councilpersons Pratt, Krusas, Robinson, Hatcher, Brown, Rogers, Stanford & the Chair spoke in regards to **C.P.O. 09-22**. Roll Call showed a vote of 5 ayes 4 nays (Allen, Hatcher, Krusas, Rogers). The Chair declared this Council Pending Ordinance duly **PASSED**.

Appellants' App. pp. 118-19 (emphases in original). Section 32.28 of the Code provides that:

> A vote upon any question or proposition may be reconsidered at any regular meeting of the Common Council held thereafter, whether the reconsideration of the question or proposition is proposed by a member of the Common Council who voted with the prevailing side or not, provided it is carried by a majority vote of all the members-elect of the Common Council, but not

---

[2] Section 32.37(A) of the Code further provides that "Any suspension of the rules to consider the passage of an ordinance on three readings at the same meeting in which the ordinance is introduced shall require the unanimous consent of all members." Appellants' App. p. 127. This portion of Section 32.37(B), however, does not appear to be applicable to the instant matter as C.P.O 09-22 was clearly introduced at some point before the July 21, 2009 meeting, and neither Appellants nor Appellees argue on appeal that it applies to the instant matter.

otherwise.

Appellants' App. p. 129.

Appellants argued before the trial court that there should have been two separate votes for the motion to reconsider and the passage of C.P.O. 09-22 and that because there was not two separate votes, C.P.O. 09-22 was never actually reconsidered or passed by the Common Council. However, as the trial court determined, the undisputed designated evidence indicates that the Common Council followed the proper procedures to suspend its normal rules and procedures for the purpose of reconsidering and passing C.P.O. 09-22 during its July 21, 2009 meeting. In addition, Appellants did not designate any contradictory evidence that would raise an issue of material fact as to whether the Common Council acted properly in passing C.P.O. 09-22.

Because we may affirm the grant or denial of a motion for summary judgment on any basis found in the designated evidence, *see Geary*, 712 N.E.2d at 1102, we conclude that the trial court properly denied Appellants' motion for summary judgment. The designated evidence, including that tendered by Appellants, establishes that the Common Council suspended the rules to allow for the procedure it followed in passing C.P.O. 09-22, which again became Ordinance No. 8276 after being passed by the Common Council, and there is no designated evidence to support the conclusion that Ordinance No. 8276 is not valid and enforceable. Having concluded that the trial court properly denied Appellants' motion for summary judgment, we further conclude that the trial court acted within its discretion in denying Appellants' motion to correct error.

The judgment of the trial court is affirmed.

VAIDIK, J., and CRONE, J., concur.