FRIEDLANDER, Senior Judge.
In this interlocutory appeal, we are presented with the issue of whether evidence of discounts provided to patients who either have private health insurance or are covered by government healthcare reimbursement programs is relevant,, admissible evidence regarding the determination of reasonable charges under the Indiana Hospital Lien Act, Indiana Code Annotated section 32-33-4-1, et seq. (West, Westlaw current with P.L. 1-2016 and P.L. 2-2016 of the 2016 Second Regular Session of the 119th General Assembly). We hold that it is and affirm.
On October 8, 2013, Frost was seriously injured in a collision involving a motorcycle he was operating and a pickup truck. Frost was transported by airbus to Parkview Hospital where he remained on an in-patient basis until November 12, 2013.. Parkview did not obtain a signature on any written contract from Frost or his personal representative at the time of Frost’s' in-patient stay there.
On November 12, 2013, Frost’s condition had improved such that he was transferred to the skilled nursing facility at Parkview Randalia. The next day) Frost’s mother, Shirley Riggs, who had just recently been appointed as guardian over the person and estáte of Frost, was approached by Parkview to sign ah admission agreement, which she did sign. The agreement contained the following provision:
Agreement to Pay
The patient or person financially responsible for the patient, in consideration of the service to be rendered to the patient, is obligated to pay the account of the Hospital on all charges for services rendered.
Appellant’s App. p. 44.
Frost remained in skilled nursing until January 7, 2014, when he was trans *806 ferred to in-patient rehabilitation before being discharged on January 28,2014.
Parkview filed its hospital lien with the Allen County Recorder on February 12, 2014, in the amount of $629,386.50. That amount included charges for Frost’s in-patient and skilled nursing care at'Park-view. A copy of the lien was mailed to the law firm representing Frost in his personal injury action.
Frost hired a person employed by an independent medical bill reviewing company to review the charges. After the discovery of several billing errors, Park-view filed a final amended hospital lien in the amount of $625,117.66.
Frost did not have health insurance at the time he sustained his injuries. As the permissive user of the motorcycle, Frost had medical payment insurance coverage through State Farm for $5,000.00.
On May 29, 2014, Frost filed a declaratory judgment action to enforce the patient’s remedy under the Indiana Hospital Lien Act, Indiana Code Annotated section 32-33-4-1, et seq. (West, Westlaw current with P.L. 1-2016 and P.L. 2-2016 of the 2016 Second Regular Session of the 119th General Assembly). Under the Act, a patient may contest the lien or the reasonableness of the charges by filing a motion to quash or reduce the claim in the court where the lien was perfected.. Ind. Code Ann. § 32-33-4-4(e) (West, Westlaw current with P.L. 1-2016 and P.L. .2-2016 .of the 2016 Second Regular Session of the 119⅛ General Assembly). Indiana Code Annotated section 32-33-4-4(e) provides as follows:
A person desiring to contest a lien or the reasonableness of the charges claimed by the hospital may do so by filing a motion to quash or reduce the claim in the circuit court in which the lien was perfected, making all other parties of interest respondents.
Frost’s petition alleged in part that Parkview’s charges were .unreasonable because they were greater than the amounts Parkview accepts as payment in full from other patients.- Frost served a written discovery request on Parkview requesting information about discounts provided to patients who either had private health insurance or who are covered by government healthcare reimbursement programs. Frost was dissatisfied with Parkview’s response and sought an order to compel discovery. Parkview requested and received a stay of discovery. Parkview then filed its motion for partial summary judgment seeking an order that its chargemas-ter [1] rates were reasonable as a matter of law. After a hearing on Parkview’s motion,' the trial court entered its order denying the motion, concluding that evidence of discounts provided to patiénts who either have private health insurance or are covered by government healthcare reimbursement programs is relevant to the determination of reasonable charges under the Act and are admissible. This interlocutory appeal ensued.
In an Indiana summary judgment proceeding, “the party seeking summary judgment must demonstrate the absence of any genuine issue of fact as to a determinative issue, and only then is the non-movant required to come forward with contrary evidence.” Jarboe v. Landmark *807 Cmty. Newspapers of Ind., Inc., 644 N.E.2d 118, 123 (Ind.1994). T.R. 56(C) provides in pertinent part:
At the time of filing [a] motion [for summary judgment] or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. A party opposing the motion shall also designate to the court each material issue of fact which that party asserts precludes entry of summary judgment and the evidence relevant thereto. The judgment sought shall be rendered forthwith if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
Summary judgment should not be entered where material facts conflict or where conflicting inferences are possible. Miller v. Monsanto Co., 626 N.E.2d 538 (Ind.Ct.App.1993). When we review the grant or denial of a motion for summary judgment our standard of review is the same as that used by the trial court. J.C. Spence & Assocs., Inc. v. Geary, 712 N.E.2d 1099 (Ind.Ct.App.1999). We must determine whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. Id. In resolving those inquiries, we consider only the evidence that has been specifically designated to the trial court. Id. The party appealing the trial court’s ruling has the burden of persuading this court that the trial court’s decision was erroneous. Id. A summary judgment determination shall be made from any theory or basis found in the designated materials. Id. “We give careful scrutiny to the pleadings and designated materials, construing them in a light most favorable to the non-movant.” Id. at 1102 (quoting Diversified Fin. Sys., Inc. v. Miner, 713 N.E.2d 293, 297 (Ind.Ct.App.1999)). The fact that the parties make cross-motions for summary judgment does not alter our standard of review. Wank v. Saint Francis College, 740 N.E.2d 908 (Ind.Ct.App.2000), tram, denied.
 Parkview claims that Frost may not challenge the reasonableness of the fee because the contract guaranteeing “to pay the account of the Hospital on all charges for services rendered” referred to its chargemaster rates. See Allen v. Clarian Health Partners, Inc., 980 N.E.2d 306 (Ind.2012) (“In the context of a contract for the provision of and payment for medical services, a hospital’s chargemaster rates serve as the basis for its pricing.”).
Frost is not challenging that a debt is due Parkview. Likewise, Frost is not asking a court to impute a reasonable price into the contract where no price is stated, or asking a court to completely disregard Parkview’s rates. Instead, he argues that under the Act, he may challenge the reasonableness of the charges claimed, and is entitled to discovery from Parkview in order to do so, relying on language from Stanley v. Walker, 906 N.E.2d 852 (Ind.2009) regarding the evi-dentiary use of discounted medical expenses paid.
The Act does not define a reasonable charge, which makes sense because that is the disputed issue. There are several cases addressing challenges involving the reasonable value of medical services, but not exactly in the context presented in this appeal.
In Stanley v. Walker, 906 N.E.2d 852 (Ind.2009), an action where liability was admitted and the sole issue for trial was damages, the Supreme Court was presented with the question whether the discounted amount of medical expenses actu *808 ally paid by the plaintiff in a personal injury ease was admissible and relevant to a determination of damages to an injured party. The plaintiff, who was insured, paid a discounted amount in satisfaction of his medical expenses after negotiations conducted by his health insurance provider. Id. At trial, without objection, the plaintiff introduced redacted medical bills showing the amounts medical service providers originally billed him. Id.
When the defendant sought to introduce evidence of the discounted amount actually paid, the plaintiff objected citing Indiana’s collateral source statute, Indiana Code Annotated section 34-44-1-2 (West, Westlaw current with P.L. 1-2016 and P.L. 2-2016 of the 2016 Second Regular Session of the 119th General Assembly), which in pertinent part prohibits the introduction of evidence of insurance benefits in personal injury cases. Id. The trial court did not allow admission of the discounted amount finding that it flowed from insurance benefits and as such was barred by the collateral source statute.- Id.
On appeal, the Supreme Court held that where the reasonableness of the medical expenses is not an issue, medical bills can be introduced under Indiana Evidence Rule 413 as prima facie evidence of the reasonable amount of medical expenses for purposes of a damages determination. Id. .
On the other hand, when there is a dispute as to the reasonable cost of medical éxpenses,- the opponent may introduce contradictory evidence including expert testimony to challenge the reasonableness of the proffered medical bills. Id. The Supreme. Court granted transfer, affirmed the judgment, ¿nd ordered remittitur, taking into , consideration the discounted amount paid.
Later, in Allen v. Clarian Health Partners, Inc., 980 N.E.2d 306 (Ind.2012), uninsured patients brought a class action against the hospital alleging breach of contract and seeking a declaration that the rates the hospital billed were unreasonable and unenforceable. The appeal arose from a motion to, dismiss granted to the hospital by the trial court. Id.
There the patients argued that the chargemaster rates imposed by the hospital were unreasonable such that they constituted a breach of contract. The contract provided as follows:
' In consideration of services delivered by Ciarían North Medical Center and/or the physicians, the undersigned guarantees payment of the account, and agrees to pay the same upon , discharge if such account is not paid by a private or governmental insurance carrier.... If the amounts due Ciarían North Medical Center for services rendered become delinquent and the debt is referred to-an attorney for collection it is understood and agreed that I shall be responsible for reasonable- attorneys’ fees, court costs, and prejudgment interest.
Id. at 309.
The patients argued that the contract did not specify a price for the medical services provided, or was silent on price, and as such a “reasonable price for the services” term should be imputed to the contract. Id.
The Court agreed generally that where a contract is silent on price, a reasonable price should be imputed to a contract, but noted that an offer appearing to be indefinite may be given .precision by usage of trade or by course of dealing between the parties. Id. In the context of contracts providing for health care services, the Court noted that precision concerning price is “close to impossible,” that a hospital’s chargemaster rates serve as the basis for its pricing, and they are unique because they are set by each hospi *809 tal. Id. The Court noted the decision in Stanley,' relied upon by the patients, and expressly declined to extend its holding about the evidentiary use of the reasonable value of medical expenses to actions alleging breach of contract. • Id.
Frost disagrees with the reasonableness of the charges claimed by the hospital, and directly challenges them -by way of the Act, which explicitly allows for .those challenges. Parkview sought' to have its chargemaster rates deemed reasonable as a matter of law. The trial court’s denial of Parkview’s motion for partial summary judgment, was premised on the language found in Stanley regarding the evidentiary use of discounted amounts paid for medical expenses. Although Stanley was a personal injury action wheré damages were the issue, there are enough similarities that we agree with the trial court’s reliance upon the reasoning in Stanley.
In Stanley, referring to a damages determination, but discussing the reasonable value of medical expenses, the Court stated as follows:
In sum, the proper measure of medical expenses in Indiana is the reasonable value of such expenses. This measure of damages cannot be read as permitting only full recovery of medical expenses billed to a plaintiff. Id. Nor can the proper measure of medical expenses be read as permitting only the recovery of the amount actually paid. Id. The focus is on the reasonable value, not the actual charge. This is especially true given the current state of health care pricing.... This value is not exclusively based on the actual amount paid or the amount originally billed, though these figures certainly may constitute evidence as to the reasonable value of medical services.
906 N.E.2d at 856-58.
The Court cited Indiana Evidence Rule 413 as one method of proving the reasonable value of medical expenses. Id. The Rule provides as follows:
Statements of charges for medical, hospital or other health 'care expenses for diagnosis or treatment occasioned by an injury are admissible into evidence. Such statements are prima facie evidence that the charges are reasonable.
Evid. Rule 413.
Quoting Cook v. Whitsell-Sherman, 796 N.E.2d 271, 277-78 (Ind.2003), the Court said:
:The purpose of Rule 413 'is to provide' a simpler method of proving amount of medical expenses when there is no substantial issue that they are reasonable and were caused by the tort. If there is a dispute, of course the party opposing them may offer evidence to the.contrary, including expert opinion., By permitting medical bills to serve as prima facie proof that the expenses are reasonable, the rule eliminates the need for testimony on that often uncontested issue. Finally, the fact that a statement was submitted is at least some evidence that the •charge is normal for the treatment involved, and it was necessary to be performed. . .
906 N.E.2d at 856.
The Court distinguished between the introduction of medical'bills to'prove the amount of medical expenses when there is no substantial issue that the medical expenses are reasonable and when there is.
Thus, medical bills can be introduced to prove the amount of medical' expenses ■ when there is no substantial issue that the medical expenses are .reasonable. However, in cases where the reasonable value of medical services is disputed, the method outlined in Rule 413 is not the *810 end of the story. See Cook, 796 N.E.2d at 277. The opposing party may produce contradictory evidence to challenge the reasonableness of the proffered medical bills, including expert testimony. See id.

Id.

In Stanley, the Supreme Court determined that the defendant should have been allowed to introduce evidence of the discounted amount that was paid on behalf of the plaintiff in satisfaction of his account, an issue relevant to the determination of damages, to contradict the plaintiffs prima facie evidence. Id.
Here, Parkview sought to have the trial court determine as a matter of law that the chargemaster rates were reasonable. That issue was disputed by Frost, who sought to discover discounted amounts Parkview had accepted from other patients in an effort to challenge the lien amount. By frustrating Frost’s-discovery efforts, Parkview prevented Frost from meeting Parkview’s prima facie evidence of reasonableness with contradictory evidence. The trial court correctly found that Frost should be allowed to discover that evidence and that such evidence was admissible under the Act.
In light of the foregoing, we affirm the trial court’s decision.
Judgment affirmed.
VAIDIK, C.J., concurs.
NAJAM, J., dissents with separate opinion.

. "A chargemaster is an extensive price list created and maintained by hospitals and other providers. A hospital’s chargemaster lists a price for each good and service provided by the hospital (20,000 or more separate items may be included). Hospitals update, that is increase, these list prices frequently.” George A. Nation III, Determining the Fair and Reasonable Value of Medical Services: The Affordable Care Act, Government Insurers, Private Insurers and Uninsured Patients, 65 Baylor L.Rev. 425, 427-28 (2013).